# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR TELLEZ, | ) |
|           **Plaintiff,** | ) |
| v. | ) CIVIL ACTION |
| OTG INTERACTIVE, LLC, et al., | ) No. 15-8984-KHV |
|           **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff filed various claims against defendants related to the termination of his employment as President of OTG Interactive, LLC. Plaintiff ultimately went to trial on a single claim for breach of contract based on his Employment Agreement with OTG Interactive, LLC. On November 15, 2019, a jury returned a verdict in favor of plaintiff. Plaintiff now seeks a judgment against OTG Interactive, LLC n/k/a Flo Solutions, LLC, OTG Management, Inc., Rick Blatstein a/k/a Eric J. Blatstein and OTG Management, LLC. See Letter Motion For Judgment (Doc. #110) filed November 22, 2019. Defendants argue that Blatstein should not be included in the judgment.

Before the charge conference, the Court met informally with counsel. Counsel for plaintiff and defendants agreed that the jury instructions should identify OTG Interactive, LLC (the entity named in the Employment Agreement with plaintiff) as the sole defendant but that any verdict and judgment in favor of plaintiff would be against all OTG entities listed as defendants in the case. Shortly thereafter, at the formal charge conference, the Court asked counsel to confirm that "a verdict against OTG Interactive, LLC would be binding on the other defendants in the case." Trial Transcript at 558. Defense counsel stated "Yes," and plaintiff's counsel clarified "Yes, your Honor, that a verdict in favor of plaintiff would be against all of the OTG entities listed in the caption of the case." Id.

In addition to the parties' stipulation, plaintiff presented no evidence which would justify a verdict against Blatstein personally.  See Rennaker Co. Consulting, Inc. v. TLM Group, LLC, No. 16 Civ. 3787 (DAB), 2017 WL 2304302, at *2 (S.D.N.Y. May 18, 2017) ("Even where non-parties, such as corporate officers, have obligations contemplated under a contract, they cannot be held personally liable for the breach of that contract."); Xiotech Corp. v. Express Data Products Corp., 11 F. Supp.3d 225, 235-36 (N.D.N.Y. 2014) (non-party ordinarily cannot be bound by contract unless non-signatory was "alter ego" of signatory to contract); Polyglycoat Corp. v. C. P. C. Distribs., Inc., 534 F. Supp. 200, 204 n.5 (S.D.N.Y. 1982) (chief operating officer could not be "be independently charged for breaching or conspiring to breach a contract to which he is not personally a party").  Because no party asked the Court to submit to the jury the question of Blatstein's personal liability and he is not one of the OTG entities listed in the complaint, the Court finds that plaintiff abandoned any claims of personal liability against Blatstein.

For these reasons, judgment will not be entered against Blatstein.

**IT IS SO ORDERED**.

Dated this 27th day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge