**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| OMAR TELLEZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 15-8984-KHV** |
| OTG INTERACTIVE, LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed various claims against OTG Interactive, LLC n/k/a Flo Solutions, LLC, OTG

Management, Inc. and OTG Management, LLC related to the termination of his employment as

President of OTG Interactive. Plaintiff ultimately went to trial on a single claim for breach of

contract based on his Employment Agreement with OTG Interactive.[1] On November 15, 2019, a

jury returned a verdict in favor of plaintiff. This matter is before the Court on Defendants'[]

Motion For Post-Trial Relief Under Rules 50 And 59 Of The Federal Rules Of Civil Procedure

(Doc. #127) filed December 24, 2019. For reasons stated below, the Court overrules defendants'

motion for judgment as a matter of law but sustains their motion for new trial.

## I.     Motion For Judgment As A Matter Of Law

A court may grant judgment as a matter of law if "a reasonable jury would not have a

legally sufficient evidentiary basis to find for the party" on a specific claim or issue. Fed. R. Civ.

P. 50(a)(1). A party is entitled to judgment as a matter of law only if (1) evidence supporting the

verdict is completely absent such that the jury's finding "could only have been the result of sheer

---

[1]     Plaintiff also filed claims against Rick Blatstein, Chief Executive Officer of OTG
Interactive. The Court dismissed claims against Blatstein before trial and plaintiff presented no
evidence which would justify a verdict against Blatstein on the breach of contract claim.

surmise and conjecture" or (2) such an overwhelming amount of evidence was presented in favor

of the movant that "reasonable and fair minded [persons] could not arrive at a verdict against [it]."

AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009) (internal

quotation marks and citations omitted).  In determining whether judgment as a matter of law is

proper, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may

not make credibility determinations or weigh the evidence."  Reeves v. Sanderson Plumbing

Prods., Inc., 530 U.S. 133, 150 (2000).

To prevail on his breach of contract claim, plaintiff had to prove that OTG Interactive did

not terminate his employment because he had engaged in a course of conduct that could reasonably

be expected to materially and adversely damage OTG Interactive's business or reputation.  Instrs.

To The Jury No. 10; Trial Tr., Nov. 15, 2019 (Doc. #117) at 570.  Based on the trial record,

sufficient evidence supports the jury verdict on plaintiff's breach of contract claim.  The Court

overrules defendants' renewed motion for judgment as a matter of law.

## II.      Motion For New Trial

A court may grant a new trial for "any reason for which a new trial has . . . been granted in

an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  The party seeking to set aside a

jury verdict must demonstrate that the jury has reached a "seriously erroneous result" or its verdict

is a "miscarriage of justice."  Nimely v. City of N.Y., 414 F.3d 381, 392 (2d Cir. 2005) (internal

quotation marks and citations omitted).  An erroneous evidentiary ruling warrants a new trial only

when "it is likely that in some material respect the factfinder's judgment was swayed by the error."

Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir. 1997) (internal quotation marks and citations

omitted); see Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007) (evidentiary ruling requires new trial

if erroneous ruling affected substantial right of party as when "jury's judgment would be swayed in a material fashion by the error").

Defendants argue that they are entitled to a new trial because the Court (1) in plaintiff's case-in-chief, allowed him to testify about Blatstein being convicted of fraud in personal bankruptcy proceedings, (2) refused to let defendants call rebuttal witnesses and (3) gave the jury a premature <u>Allen</u> charge in the initial jury instructions. For reasons stated below, the Court agrees that plaintiff's unsolicited testimony about unrelated fraud by Blatstein warrants a new trial. Accordingly, the Court need not address defendants' other arguments in support of a new trial.

Before trial, defendants sought to exclude any evidence of "Rick Blatstein's personal bankruptcy proceedings." <u>Defs.' Notice Of Mot. In Lim.</u> (Doc. #97) filed August 7, 2019 at 1. In response, plaintiff argued that under Rule 608(b) of the Federal Rules of Evidence, the Court should allow such evidence on cross-examination of Blatstein because it is "probative of the character for truthfulness or untruthfulness of . . . the witness." <u>Pl.'s Mem. Of Law In Opp'n To Defs.' Mot. In Lim. And In Supp. Of His Cross-Mot. In Lim.</u> (Doc. #99) filed August 21, 2019 at 3 (quoting Fed. R. Evid. 608(b)).[2] Plaintiff did not assert any other basis for admission of such evidence. Indeed, plaintiff suggested that the Court may want to give a "limiting instruction that Blatstein's bankruptcy fraud is only to be considered in relation to his character for truthfulness."

---

[2]    Rule 608(b) states in part as follows:

**(b) Specific Instances of Conduct**. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
    (1) the witness; or
    (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b).

Id. at 3 n.1  Before trial, the Court overruled defendants' motion in limine for substantially the reasons stated in plaintiff's opposition memorandum (Doc. #99).  See Order (Doc. #106) filed October 18, 2019.

On cross-examination during plaintiff's case-in-chief, defense counsel asked plaintiff if he had had a conversation with Blatstein about OTG's proposed paywall after October 16, 2014.  Trial Tr., Nov. 13, 2019 (Doc. #113) at 256.  Plaintiff answered that he had not had such a conversation. Id. at 258.  Plaintiff attempted to explain why, but defense counsel objected to further explanation. After the Court ruled that plaintiff could explain his answer, plaintiff testified that he did not get back to Blatstein because he had learned that Blatstein "had been convicted [of] fraudulent transfers, and that he had issues with the IRS, and he had defrauded several of his partners."  Id. at 259.  Defense counsel did not ask the Court to strike plaintiff's testimony, but his earlier objection to further explanation, combined with his motion in limine on the subject were sufficient to preserve the issue.

Plaintiff's memorandum in opposition to defendants' motion in limine – and hence the Court's ruling which adopted the rationale in plaintiff's memorandum – was limited to the admissibility of evidence of Blatstein's bankruptcy fraud *during cross-examination of Blatstein*. Indeed, at trial, plaintiff's counsel acknowledged that he could not introduce extrinsic evidence about bankruptcy or IRS fraud.  See Trial Tr., Nov. 14, 2019 (Doc. #115) at 355.  Plaintiff's independent testimony about Blatstein's bankruptcy fraud, which exceeded the scope of his stated intent to use such evidence, was not directly responsive to defense counsel's questioning and falsely informed the jury that Blatstein had a criminal conviction for fraud.  The prejudicial impact of plaintiff's testimony about Blatstein's personal bankruptcy proceedings substantially outweighed any probative value of the testimony.  See Fed. R. Evid. 403.  Plaintiff's testimony

was simply a backdoor attempt to get into evidence what Rule 608(b) otherwise prohibits. Moreover, the Court did not allow defendants to introduce collateral evidence on the fraud issue. Thus, the jury had to evaluate plaintiff's testimony based only on his understanding of the prior bankruptcy proceedings and judicial rulings. Finally, the potential prejudice to defendants was magnified in closing arguments, when plaintiff's counsel suggested that the reason defendants had not offered evidence about Blatstein's fraud was because it was true.[3] See Trial Tr., Nov. 15, 2019 (Doc. #117) at 607. In hindsight, the Court should have *sua sponte* stricken plaintiff's testimony about Blatstein's fraud and determined whether curative measures at that time could ensure a fair trial. Prior to closing argument, at an off-the-record informal jury instruction conference, the Court told plaintiff's counsel that if he did not disavow plaintiff's testimony about Blatstein's purported fraud conviction, the Court would instruct the jury that Blatstein had not been criminally convicted of bankruptcy fraud and that plaintiff's testimony in that regard should be stricken. As a result, plaintiff stipulated to the fact that Blatstein had not been "prosecuted or convicted of any crime" and the Court included this stipulation in the jury instructions. Instrs. To The Jury No. 6; Trial Tr., Nov. 15, 2019 (Doc. #117) at 568. In retrospect, that curative effort was insufficient. At this stage, a new trial is warranted because the impermissible testimony, which became a focal point of trial, likely swayed the jury's verdict. See Arlio, 474 F.3d at 51; Perry, 115 F.3d at 150.

**IT IS THREFORE ORDERED** that Defendants' [] Motion For Post-Trial Relief Under Rules 50 And 59 Of The Federal Rules Of Civil Procedure (Doc. #127) filed December 24, 2019 is **SUSTAINED in part. The Court overrules defendants' motion for judgment as a matter of law but sustains their motion for new trial.**

---

[3]     If defendants intend to present mitigating evidence about Blatstein's bankruptcy fraud at a future trial, they shall proffer the specific evidence and set forth the legal authority in support of their position no later than ten days before trial.

**IT IS FURTHER ORDERED** that a new trial is set for March 16, 2020 at 9:30 AM in a courtroom to be determined in the Foley Square Courthouse.  This is a #2 trial setting behind the case of <u>Lopez v. Cora Realty Co., LLC et al.</u>, No. 18-0746.

Dated this 12th day of February, 2020.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge